UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS VIGUERA,

**DECLARATION**

Plaintiff,        08 Civ 3807 (AKH)

- against -

THE NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION and ANA BLANCO,

Defendants.

------------------------------------------------------------------------ x

**KAMI Z. BARKER** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1.    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants, in the above-captioned action. I submit this declaration to place before the Court certain documents referred to in defendants' motion to dismiss. These documents may be considered on this motion to dismiss because they contain information of which the Court may take judicial notice, or are matters of public record, or contain information of which plaintiff had in their possession or had knowledge of and upon which they relied in bringing action.

2.    Annexed hereto as Exhibit A is plaintiff's 2004 State Division of Human Rights Charge of Discrimination;

3.    Annexed hereto as Exhibit B is the State Division of Human Rights' Finding of No Probable Cause, dated March 31, 2006;

4.    Annexed hereto Exhibit C is the United States Equal Employment Opportunity Commission's Decision, dated May 23, 2006;

5.    Annexed hereto as Exhibit D is plaintiff's December 6, 2006 United States Equal Employment Opportunity Commission Charge of Discrimination;

6.    Annexed hereto as Exhibit E is plaintiff's right-to-sue letter dated May 31, 2007;

7.    I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          June 27, 2008

                              KAMI Z. BARKER

# EXHIBIT "A"

STATE OF NEW YORK: EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
9S-E-OS-04-7943982-E

+ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - +
| (State Division of Human Rights on the Complaint of)       |
|                                                            |
| Carlos M. Viguera                        COMPLAINANT        |
|                                                            |
|          - against -                                       |
|                                                            |
| N.Y.C. Health and Hospitals                                |
| Corporation, Bellevue Hospital Cente     RESPONDENT         |
| and Maria del Pilar Ruiz                                   |
| (Coordinating Manager) and Edie                            |
| Coleman  (Director) as Aider and                           |
| Abettors                                                   |
+ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - +

TITLE VII: Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020 Grand Concourse, Bronx, NY
10460, Tel. No. (718) 293-8976, (718) - charge the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212) 562-6227 with an unlawful discriminatory practice
relating to Employment in violation of Article 15 of the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

**The particulars are:**

1. I am male, I was sexually harassed and I was discriminated
because I Opposed Discrimination.

2. I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3. On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4. On January 15, 2004, I was in the restroom undressed, doing my
personal need, and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E        FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms Coleman about Ms Ruiz sexual behaviors to no avail. I do not know how Ms Ruiz managed to open the door from the outside. However, the door could be easily open from the outside with a coin.

5.   Since I complained to Ms Coleman about Ms Ruiz sexual behaviors, Ms Ruiz began to question the quality of my daily work production. I never have problems with my work performance in the past. I believe that the sole reason why Mr Ruiz is attacking my work performance is because I objected to her sexual advances.

6.   Based on the foregoing, I charge the above named respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because I Opposed discrimination and Sex in violation of the New York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E        FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

_____
(Signature of Complainant)

STATE OF NEW YORK            )  S:
COUNTY OF Kings              )

Carlos M. Viguera, being duly sworn, deposes and says; that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

EXHIBIT "B"

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

                                    Complainant

                    v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAR RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN  (DIRECTOR)
AS AIDER AND ABETTORS

                                    Respondent

Federal Charge No. 16GA409174

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NOT PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.  This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner.  On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman  (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
Complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz.  Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section.  The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz.  The complainant's view that this was done to sexually
harass him is not supported by the evidence.  Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment.  Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems.  The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilar Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment. A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back. Again, this occurred in his office
were there were no witnesses to the alleged act. The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges. The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance. During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work. Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not. This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant. Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.


    The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7941982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman  (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination.  A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10458.  DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks
state judicial review and who receives an adverse decision
therein, may lose his or her right to proceed subsequently in
federal court by virtue of Kremer v. Chemical Construction Co.,
456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil
Rights Act of 1964.  Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity
Commission (EEOC).  You have the right to request a review by
EEOC of this action.  To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will
generally adopt our action in your case.

Dated: 3/31/06
/Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By:

Joyce Yearwood-Drury
Director O.S.H.I.

EXHIBIT "C"

EEOC Form 101 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Carlos M. Viguera<br>1020 Grand Concourse<br>Bronx, NY 10456 | From:  New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | | EEOC Representative | Telephone No. |
| 16G-2004-09174 | | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

5/23/06
(Date Mailed)

cc:  N.Y.C. HEALTH AND HOSPITALS CORP
125 Worth St
Attn: Shirley Facey
New York, NY 10013

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

                    Complainant

         v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAL RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN   (DIRECTOR)
AS AIDER AND ABETTORS

                    Respondent

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

Federal Charge No. 16GA409174

      On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

      After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is ~~NO~~ ~~PROBABLE CAUSE~~ to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.  This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner.  On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilar Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz. Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section. The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz. The complainant's view that this was done to sexually
harass him is not supported by the evidence. Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment. Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems. The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment. A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back. Again, this occurred in his office
were there were no witnesses to the alleged act. The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges. The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance. During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work. Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not. This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant. Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.

    The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilar Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination. A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks
state judicial review and who receives an adverse decision
therein, may lose his or her right to proceed subsequently in
federal court by virtue of Kremer v. Chemical Construction Co.,
456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil
Rights Act of 1964. Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity
Commission (EEOC). You have the right to request a review by
EEOC of this action. To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112. Otherwise, EEOC will
generally adopt our action in your case.

Dated: 3/3/06
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: Joyce Yearwood-Drury
Director O.S.H.I.

STATE OF NEW YORK: EXECUTIVE DEPARTMENT                    EXEC. LAW ART. 15
STATE DIVISION OF HUMAN RIGHTS                                         SDHR NO:
                                                              9S-E-OS-04-7943982-E

```
+------------------------------------------------------+
| (State Division of Human Rights on the Complaint of) |
|                                                      |
|   Carlos M. Viguera                  COMPLAINANT     |
|                                                      |
|          - against -                                 |
|                                                      |
|   N.Y.C. Health and Hospitals        RESPONDENT      |
|   Corporation, Bellevue Hospital Cente               |
|   and Maria del Pilar Ruiz                           |
|   (Coordinating Manager) and Edie                    |
|   Coleman  (Director) as Aider and                   |
|   Abettors                                           |
+------------------------------------------------------+
```

TITLE VII:  Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020 Grand Concourse, Bronx, NY
10460, Tel. No. (718) 293-8976, (718) - charge the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212) 562-6227 with an unlawful discriminatory practice
relating to Employment in violation of Article 15 of the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

    The particulars are:

1.    I am male, I was sexually harassed and I was discriminated
because I Opposed Discrimination.

2.    I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3.    On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4.    On January 15, 2004, I was in the restroom undressed, doing my
personal need, and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms
Coleman about Ms Ruiz sexual behaviors to no avail. I do not know
how Ms Ruiz managed to open the door from the outside. However, the
door could be easily open from the outside with a coin.

5.    Since I complained to Ms Coleman about Ms Ruiz sexual
behaviors, Ms Ruiz began to question the quality of my daily work
production. I never have problems with my work performance in the
past. I believe that the sole reason why Mr Ruiz is attacking my
work performance is because I objected to her sexual advances.

6.    Based on the foregoing, I charge the above named respondent
with an unlawful discriminatory practice related to employment by
denying me equal terms, conditions and privileges of employment
because I Opposed discrimination and Sex in violation of the New
York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E        FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor
do I have an action pending before any administrative agency under
any other law of this state based upon this same unlawful
discriminatory practice."

I also charge the above-named respondent(s) with violating
Title VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to employment) and
hereby authorize SDHR to accept this verified complaint on behalf
of EEOC subject to the statutory limitations contained in Title
VII.

_____
(Signature of Complainant)

STATE OF NEW YORK        )  §:
COUNTY OF Kings          )

Carlos M. Viguera, being duly sworn, deposes and says: that he/she
is the complainant herein; that he/she has read (or had read to
him/her) the foregoing complaint and knows the content thereof;
that the same is true of his/her own knowledge except as to the
matters therein stated on information and belief; and that as to
those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

2007

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

EXHIBIT "D"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 520-207-0024 |

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.) CARLOS M. VIGUERA

HOME TELEPHONE (Include Area Code) 917-327-0541

STREET ADDRESS CITY, STATE AND ZIP CODE
1020 GRAND CONCOURSE, APT 4R, Bronx, NY, 10451

DATE OF BIRTH 1-31-50

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME Bellevue Hosp. Center

NUMBER OF EMPLOYEES, MEMBERS 4,500

TELEPHONE (Include Area Code) 212-562-4729

STREET ADDRESS 562-1st Ave

CITY, STATE AND ZIP CODE NY, NY 10016

COUNTY NY

NAME Sybil NURSE-Reeves

TELEPHONE NUMBER (Include Area Code) # 562-2440

STREET ADDRESS 562-1st Ave

CITY, STATE AND ZIP CODE a M NY 10016

COUNTY NY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☑ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☑ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                LATEST

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

current
Retaliation because I File Complaint
with NYS EEOC. I previous
History of Descrimination

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

MINNA R. YELLIN
Notary Public, State of New York
No. 01YE5015816
Qualified in Kings County
Commission Expires 7/48/

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 12/6/06

Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
6 12 06

EEOC FORM 5 (REV. 3/01)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall Street, 5th floor
New York, NY 10004
PHONE – (212) 336-3620
FAX – (212) 336-3625

# INTAKE QUESTIONNAIRE

[Please type or print legibly]

Date: _12-6-06_

Your name: Mr. ( ) Ms. ( )  _CARLOS M VIGUERA_

Date Of Birth: _1/31/50_

Address: _1020 GRAND CONCOURSE_ City: _BRONX, APT 4R_

County: _BRONX_     State: _NY_ Zip Code: _10451_

Home phone: _917-327-05__ Best time to call: _ANYTIME_

Work phone: (212) _562-225__ Best time to call: _8 – 4 PM_

Email _CARLOSVIGUERA@JUNO.COM_

## Employer or organization that you charge with discrimination:

Name: _Bellevue Hospital Center_

Address: _562  1st. AVe._          City: _New York_ State: _NY_

Zip Code: _10016_ Phone (with area code): _212-562-4729_

What type of business does the employer engage in? _Health CARE SERVICE_

Number of employees:( ) 1-14  ( ) 15-100  ( ) 101-500  (✓) over 500  ( ) unknown

Job title: _SR. Health CARE Program Planner ANALYST_ Date hired: _MAY 1989_

Salary/Wage: _$75,000.00_

Name of immediate supervisor: _Sybil NURSE-REEVES + Irene Quirole_

Supervisor's Title: _Deputy Director Social WORK Department_

Unit, department or division: _Social WORKER Dept + Cultural Competency_

Number of employees in department or division: _3_

Number of employees with the same job title: _NONE_

-2-

**How have you been harmed?**

( ) Not hired
( ) Promotion
( ✓ ) Transfer
( ) Leave
( ) Pay
( ) Discipline

( ) Discharge
( ) Layoff
( ) Retirement
( ) Benefits
( ✓ ) Harassment
( ✓ ) Sexual harassment

( ✓ ) Demotion
( ) Other terms of
    employment
( ) Accommodation
(religion or disability)
( ) Other

Date of Harm: _____ up until 12/5/06 _____

**I believe that I was discriminated against on account of:**

( ✓ ) Race: _____

( ) Color: _____

( ✓ ) National Origin: _____

( ✓ ) Gender: ( ✓ ) Male ( ) Female

( ✓ ) Age (40 years or over)

( ) Pregnancy

( ) Religion: _____

( ) Disability

( ✓ ) Retaliation for having complained about discrimination.

If you believe you were discriminated against because of a disability, state:

Brief description of disability: _____

How long the disability will last: _____

How the disability limits you in essential daily activities (such as breathing, concentrating, sleeping, seeing, walking, lifting, and so on):

_____

_____

_____

_____

Please give a brief description of your complaint and why you feel you were discriminated against:

together with the current Retaliation As a member of Bellevue Hospital Center (BHC) I Filed a complaint. EEOC CHARGE # 16q-2004-09174 with the State of New York EEOC (which I Feel that New York State EEOC missed handle). Since I Filed the complaint against Bellevue for gender, Sexual Harrassment, Assault by my Supervisor, Age + Racial Discrimination, Bellevue has been transfering me From one Department to Another. In every Department I have been Harrassed. It Started with Ms Edie Coleman + Ms. Maria Ruiz in the Grant Reporting Department, And is Now Taking Place with Ms. Irene Quinones, Sybil Nurse-Reeves And Ms. Irene Torres.

Ms. Irene Quinones verbally degraded me + Psichlogically Abused me by Taking All my Responsibilties Away because I Asked her not to abuse me. Then Ms. I Quinones Said to me that I was asking her not to mistreat. When I Asked Ms. Quinones not to mistreat me, she said that I was asking her that because she was a woman + I was a man. And she started to move her head + point At me with her Finger in a very Threatening manner. Then, because I did not want to come out of the Labor Union, She took my Supervisor Responsibilities Away + made me a client Investigator + navigator Stand in Front of A Hospital main Entrance all day long, give Directions + push wheel chairs, client navigation is not my title. My title is Senior Health Care Program Planners Analyst which is a much higher civil _____

Given me a Job Evaluation that Needs Improvement
with Every Category Indicated Negative.
In the Evaluation discriminated me Because of
my Spanish Dominican Republic ACCENT.
➜ In the Evaluation *the* MS. Quinones Criticized
my verbal ACCENT in Critiquing. MS. Quinones
is from Puerto Rico. MS. Irene Torres
her boss is from Puerto Rico & MS.
Sybil NURSE-Reeves is African American.
*Be* I was assisting MS. Quinones. I was a
Jack of All Tray in the department. I was
Guiding, AHS. Ana Blanco & MS. Jin MA
the other two members of the department
And both MS Blanco & MS. MA obtained
a perfect Evaluation. I have a Master
Degree (MPA, from NYU) & I have 28 years
of *the* Financial Analyses & Administration
Experience in The Private & Public Sector.
Presently, MS. Sybil NURSE-Reeves has
Taken the Leadership in the Harassment
& Discrimination. Every day at 3:30 pm Before
I Leave, MS. Reeves demoralize me by
needlessly Criticizing my work & Picking on insignificant
details. I am not a Social worker, But because
MS times made 40 Social workers Resigned, MS. Reeves
has me doing a 30 days Readmission Survey.
I have to Go to All the Rooms + See All the Sick patient
& Feel out a Form. This is not difficult, But MS. Reeves
put pressure on me on numbers + that is How many
of Survey did you Complete. MS. Reeve belittle me
& *Spootie* *here* *me* Yell at me & Changes the objective
& Specifications point forms of the Survey Every time I throw
*I enjoy* it on me. Whereever MS. Reeves See me in the Hospital
*she* *announce* it *on* *me.* Wherever MS. Reeves *see me in front of people she yell*

**Identify any witnesses who will provide evidence to support your allegations:**

Name: Ms. Da A Blanco          Name: MS. Yessenia Torres – Cont. Agent 1 Dept 1
Home phone: (347) 683-8499     Home phone: (718) 545-1281
Work phone: (212) 562-2404     Work phone: (   )
Address: _____       Address: _____

✱ MS. Sa Fira Simmons & Another witness

**Nature of the evidence they will provide:**

He will Provide Eye witness of Mistreatments
of verbal Aggression, Harassment, Demotion of duties,
Difference in treatment between Gender, Physical Assault
by Supervisor, Provocation, I written Statement +
Eyewitness of Sexual Harassment in the Restroom

**Have you sought assistance from any other State, local, or Federal government agency, union, attorney or other source?** (✓) yes ( ) no

Name of source of assistance: NYCITY & New York State EEOC

Results, if any: No Avail. After 2 years & a Grant year of
Investigation, the NY State Sexual Harrasment Descrimination
Charge the Investigator that was Supportive of Me

**Have you filed an EEOC charge in the past?**   No ___ Yes ✓

If yes, provide: Date filed 2003⁴          Ms. Cynthia Hendeza was switched
Charge number 16G-2004-   for Mr. Rodrigue.
C9174   the NYState EEOC with a Burst of Good Evidence
Organization charged Bellevue Hospital Center

**How did you hear about the EEOC?**
[e.g., newspaper article, attended EEOC seminar, radio/TV (when, what station), friend/relative, lawyer, union, government agency]: _____

From

Ms. Tanya Taylor & Ms. Yessenia Torres       NYSEEOC
who Are Also File a Complaint in this            Sided
Agency, Also Against Ms. Exie Colomon & Bellevue.   with
Bellevue
Hospital
Center
I did not Assist
I Wanted B+C Sue the Lawsuit with FED
Because I did not know much

-5-

Provide the name of an individual at a different address whom we can contact if we are unable to reach you:

Name: CARMEN VIGUERA

Address: 8600 ShoreEFRont PARKWAY, FAR ROCKWAY Apt 7M Queens, N.Y

Relationship: SiSTER

Phone: (718) 945-1376

## Filling out this form does not constitute filing a charge

### Attach copies of any documents you believe would support your discrimination claim

## IMPORTANT NOTE:

(This form is covered by the Privacy Act of 1974, Public Law #93575. Authority for requesting the personal data and the uses thereof are given below.)

FORM NUMBER/TITLE/DATE: EEOC FORM 233, INTAKE QUESTIONNAIRE.

AUTHORITY: 42 U.S.C. 2000e-5(b), 29 U.S.C. Section 626.

PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information to enable the Commission to avoid the intake of matters not within its jurisdiction.

ROUTINE PURPOSES: Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over potential charges, complaints or allegations of employment discrimination and to provide such pre-charge filing counseling as is appropriate. Information provided on this form may be disclosed to other state, local and federal agencies as may be appropriate or necessary to carry out the Commission's functions. This would include employment practices laws. Information may also be disclosed to Charging Parties in consideration of or connection with litigation.

WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

### Keep a copy of your completed questionnaire and other documents that you send

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: 12/6/06
Signature: Carlos M. Viguera
Print name: CARLOS M. VIGUERA

# EXHIBIT "E"

BELLEVUE H.R. DEPT.    Fax:212-562-6137    Aug 27 2007 02:23pm P010

EEOC Form 181 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Carlos Viguera
1620 Grand Concourse
Bronx, NY 10451

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01024 | William Lai, Supervisory Investigator | (212) 336-3676 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

*Spencer H. Lewis, Jr.*                    5/31/07
Spencer H. Lewis, Jr.,                    (Date Mailed)
Director

cc:  BELLEVUE HOSPITAL CENTER
Ms. Shirley Facey, EEO Coordinator
562 1st Avenue
New York, NY 10016