08 Civ 3807 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS VIGUERA,

                            Plaintiff,

- against -

THE NEW YORK CITY HEALTH AND HOSPITAL CORPORATION and ANA BLANCO,

                            Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:   Kami Z. Barker
Tel:            (212) 788-1202

City No.: 2008-017638

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

       POINT I ............................................................................................................................ 4

             PLAINTIFF'S COMPLAINT IS BARRED BY COLLATERAL ESTOPPEL ........................................................................ 4

       POINT II ........................................................................................................................... 6

             THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT ............................................................................................. 6

CONCLUSION ............................................................................................................................. 8

## PRELIMINARY STATEMENT

Defendant The New York City Health and Hospital Corporation ("HCC")[1] respectfully submits this brief in support of its motion to dismiss plaintiff's complaint in this action. Plaintiff, in a related Title VII action[2], 07 Civ 7227 (AKH) (AJP), moved this Court to amend his complaint to allege, *inter alia*, sexual harassment by a co-worker, Ana Blanco[3]. This Court denied plaintiff's motion because of plaintiff's failure to exhaust administrative remedies. Plaintiff failed to obtain a right-to-sue letter from the EEOC for a charge of discrimination concerning the alleged conduct of Ana Blanco. In an attempt to circumvent this Court's order, plaintiff commenced the instant action, making allegations that this Court previously ruled on. Moreover, no change in circumstances has transpired, as plaintiff has not yet received a right-to-sue letter. Accordingly, plaintiff's complaint must be dismissed pursuant to claim preclusion.

## STATEMENT OF FACTS

Plaintiff, an employee of Bellevue, in a related case before this Court, Viguera v. HHC, 07 Civ 7227 ("Viguera 1"), claims in his initial complaint discrimination and retaliation allegedly occurring from 2003 to the present date. On January 30, 2004, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR") alleging "sexual harassment." A copy of the 2004 SDHR charge is annexed to the Barker Declaration ("Barker Decl.") as Exhibit "A." Plaintiff complained that he was being sexually harassed by

---

[1] Ana Blanco has been named as a defendant in this case but, upon information and belief, has not been served.

[2] Unless otherwise indicated, "Title VII" refers to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq., "EEOC" refers to the United States Equal Employment Opportunity Commission, and "Rule" refer to the Federal Rules of Civil Procedure.

[3] Individuals cannot be sued under Title VII. See Tomka v. Seiler, 66 F.3d 1295, 1313 (2d Cir. 1995).

Edie Coleman and Maria del Pilar Ruiz. On March 31, 2006, the SDHR found no probable cause. A copy of the SDHR decision is annexed to Barker Decl. as Exhibit "B." Thereafter, on May 23, 2006, the EEOC adopted the SDHR determination. A copy of the EEOC's decision is annexed to Barker Decl. as Exhibit "C."

On December 6, 2006, plaintiff filed a second charge of discrimination with the EEOC. A copy of the 2006 charge is annexed to Barker Decl. as Exhibit "D." In his charge, plaintiff alleges that defendant discriminated against him on the basis of race, sex, national origin and age and retaliated against him[4]. While plaintiff accuses several Bellevue employees of sexual harassment in this charge, he does not accuse Ana Blanco of any such transgression. On May 31, 3007, the EEOC issued plaintiff a right-to-sue letter. A copy of the right-to-sue letter is annexed to Barker Decl. as Exhibit "E."

On August 14, 2007, plaintiff commenced "Viguera 1." Plaintiff, in his 61-page Complaint, pled at length the allegations of discrimination, retaliation and sexual harassment. However, he did not allege that Ms. Blanco ever sexually harassed him. In fact, plaintiff only mentions Ms. Blanco's name in his complaint as a comparator; he notes that she received an excellent evaluation and was given a supervisory position.

On October 22, 2007, defendant, Bellevue Hospital served its answer to the Complaint in "Viguera 1." On February 14, 2008, plaintiff moved to amend his complaint in "Viguera 1" to allege, *inter alia*, sexual harassment by a co-worker, Ana Blanco. These allegations were not included in his initial "Viguera 1" complaint or EEOC charge of discrimination, or, for that matter, even in the 2004 SDHR charge. Nor is Ms. Blanco listed as a potential defendant or even listed as a wrong-doer in either the 2004 or 2006 charge.

---

[4] Plaintiff subsequently withdrew all claims of discrimination based on race, national origin, and age.

Plaintiff alleged that he had filed an EEOC charge of discrimination for the allegations against Ms. Blanco. However, plaintiff had not received a right-to-sue letter on these charges when he made his motion to amend. Furthermore, plaintiff did not allege that he has ever filed an internal complaint with defendant regarding the accusations against Ms. Blanco.

On February 27, 2008, the Court denied plaintiff's motion to amend, due to plaintiff's failure to exhaust administrative remedies. Specifically, plaintiff had not received a right-to-sue letter from the EEOC. "Viguera 2," the instant matter, which was served on HHC on April 23, 2008, simply asserts the very same claim against the same new defendant proffered in the proposed amendment to "Viguera 1," a proffer which was rejected by this Court. The complaint in this new action suffers from the same deficiencies. Upon information and belief, plaintiff still has not received a right-to-sue letter from the EEOC.[5] In short, there has been no change in circumstances since this Court's February 27, 2008, order.

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT IS BARRED BY COLLATERAL ESTOPPEL

A plaintiff may not file duplicative complaints in order to expand their legal rights. Curtis v. Citibank, N.A., 226 F.3d 133, 140 (2d Cir. 2000) (citing Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985) (plaintiff failed to notify court that second complaint was related to first, in which a motion to dismiss was pending); Walton v. Eaton Corp., 563 F.2d 66, 71 (3d Cir.

---

[5] Plaintiff alleges that he received his right-to-sue letter on March 20, 2007. See Complaint at ¶ "33." However, plaintiff's allegation is disingenuous given his allegation that he did not file an EEOC charge until January 31, 2008, ten months later. See id. at ¶ "32." Indeed, the right-to-sue letter to which plaintiff refers in his "Viguera 2" complaint relates to the facts of "Viguera 1." Thus, plaintiff has not received a right-to-sue letter for the allegations of which he complains in "Viguera 2."

- 4 -

1977) (plaintiff filed second complaint to evade waiver of jury trial in her first complaint); cf. Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223-24 (7th Cir. 1993) (no abuse of discretion in dismissing second complaint despite possibility that first would be dismissed for untimely service). The Court "must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." Walton, 563 F.2d at 71; see also Oliney, 771 F.2d at 859 ("the district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy"). Further, a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton, 563 F.2d at 70; see also Zerilli v. Evening News Association, 628 F.2d 217, 222 (D.C. Cir. 1980) (affirming dismissal of claim that was the same as claim pending against same defendant in related case before the court).

Furthermore, the doctrine of the "law of the case" is a rule of practice that prevents a plaintiff from commencing an action on a previously decided issue. That is, when an issue is once judicially determined, it is the end of the matter as far as judges and courts of co-ordinate jurisdiction are concerned. United States v. United States Smelting Co., 339 U.S. 186, 198 (1950); Insurance Group v. Denver & R.G.W.R. Co., 329 U.S. 607, 612 (1947); Messenger v Anderson, 225 U.S. 436, 444 (1912).[6] Thus, a plaintiff cannot avoid the "law of the case" by commencing a new action, in hopes of receiving a different outcome.

Here, plaintiff has filed this action in an attempt to circumvent this Court's February 27, 2008 order in "Viguera 1." With no change in circumstances, issue preclusion and the "law of case" apply and bar this complaint. Indeed, to allow plaintiff to pursue, as a new

---

[6] Of course, it has no such binding force on appeal since the appellate court is not a co-ordinate, but a higher tribunal.

action, those allegations of his Amended Complaint that this Court has previously denied would undermine this Court's orders. Thus, "Viguera 2" should be dismissed.

## POINT II

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT

A timely filing of a charge of discrimination with the EEOC is a prerequisite for any action under Title VII. 42 U.S.C. § 2000e-5(f)(1); Butts v. New York City Department of Housing Preservation and Development, 990 F.2d 1397, 1402-03 (2d Cir. 1993); Stewart v. INS, 762 F.2d 193, 198 (2d Cir. 1985). This is a matter of subject matter jurisdiction. Id. A plaintiff has 300 days from when a discriminatory act occurs to file a disparate treatment claim with the EEOC. 42 U.S.C. § 2000e-5(e)(1); AMTRAK v. Morgan, 536 U.S. 101, 109, (2002). A Title VII claimant must also file his complaint not more than 90 days after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(f)(1); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). These latter two prerequisites function as statutes of limitations. Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982).

The Second Circuit has held that a court has jurisdiction to hear claims not included in the EEOC charge if the claims are based on conduct that occurred subsequent to filing the EEOC charge and is "reasonably related" to what was alleged in the EEOC charge. See Butts, 990 F.2d at 1401-02. A claim is "reasonably related" if it: (1) falls within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) is one alleging retaliation by an employer against an employee for filing an EEOC charge; or (3) is carried out in precisely the same manner as the claims alleged in the EEOC charge. See id. at 1402. Thus, the Second Circuit has stated that the "central question is

whether the complaint filed with the EEOC gave the agency adequate notice to investigate discrimination" under Title VII. See Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (internal citations omitted).

In the instant case, plaintiff's 2006 EEOC charge did not give the agency any notice of Ms. Blanco's alleged misdeeds. The basis of plaintiff's 2006 EEOC charge and his Complaint is, *inter alia*, sexual harassment committed by various current and prior employees of defendant, not including Ms. Blanco. Ms. Blanco was not named as a wrong-doer and was not the subject of the 2006 EEOC charge. Thus, the EEOC would not have investigated the interactions between plaintiff and Ms. Blanco and this would not have been within the scope of the investigation of the 2006 charge. However, in the complaint in this new action, plaintiff asserts new sexual harassment claims against Ms. Blanco under Title VII and names her as an individual defendant.[7] Specifically, plaintiff alleges that beginning no later than August 3, 2007, well after the 2006 EEOC charge filing, Ms. Blanco sexually harassed him. Complaint ¶ 20.

Defendants respectfully submit that the alleged sexual harassment by one individual is not "reasonably related" to the alleged sexual harassment by another. Moreover, alleged sexual harassment that began after the EEOC filing cannot be "reasonably related" to the allegations in such filing. Accordingly, plaintiff's complaint must be dismissed as the Court has no personal jurisdiction over Ms. Blanco or subject matter jurisdiction over plaintiff's claims.

---

[7] Individuals cannot be sued under Title VII. See Tomka v. Seiler, 66 F.3d 1295, 1313 (2d Cir. 1995). Accordingly, to the extent that this honorable Court does not dismiss the action in its entirety, we respectfully submit that plaintiff's complaint should be dismissed against Ana Blanco.

## CONCLUSION

For all the foregoing reasons, defendants respectfully request that this Court dismiss plaintiff's complaint in its entirety together with such other and further relief the Court deems just and proper.

Dated:     New York, New York
           June 27, 2008

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-316
                                        New York, New York 10007-2601
                                        (212) 788-1202
                                        kbarker@law.nyc.gov


                              By:   /s/
                                        Kami Z. Barker
                                        Assistant Corporation Counsel


**KATHLEEN COMFREY,**
**KAMI Z. BARKER,**
  Of Counsel