UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CARLOS M. VIGUERA,

                                              Plaintiff,      **ANSWER**

               -against-                            08 Civ. 3807 (AKH)(AJP)

THE NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION and ANA BLANCO,

                                              Defendants.

------------------------------------------------------------------ X

        Defendants, The New York City Health and Hospital Corporation ("HHC") and Ana Blanco, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully alleges as follows:

        1.      Deny the allegations set forth in paragraph "1," of the Complaint, except admits that plaintiff purports to proceed as set forth in this paragraph.

        2.      Deny the allegations set forth in paragraph "2," of the Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction in this paragraph.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3," of the Complaint except admit that plaintiff self identifies as having Dominican Republic national origin.

        4.      Deny the allegations set forth in paragraph "4," of the Complaint, except admits that HHC is a public benefit corporation, that it was created by a duly enacted statute, and that HHC operates, in whole or in part, certain health care facilities in the City of New York.

        5.      Deny the allegations set forth in paragraph "5," of the Complaint, except admits that Ana Blanco is employed by HHC and is a female.

6. Deny the allegations set forth in paragraph "6," of the Complaint, except admit that plaintiff is employed by HHC and that his civil service title is Senior Health Care Program Planning Analyst.

7. Deny the allegations set forth in paragraph "7," of the Complaint, except admits that in 2001, plaintiff was assigned to Bellevue Hospital's Department of Finance.

8. Deny the allegations set forth in paragraph "8," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's education and private sector work experience.

9. Deny the allegations set forth in paragraph "9," of the Complaint, except admit that in 2004, a charge of discrimination was filed and that in that charge plaintiff was the complaining party and respectfully refer the Court to that charge for a complete and accurate statement of its contents.

10. Deny the allegations set forth in paragraph "10," of the Complaint, except admit that plaintiff was reassigned to Bellevue Hospital's Business Development Department in 2004.

11. Deny the allegations set forth in paragraph "11," of the Complaint, except admits that in 2006 plaintiff was assigned to Bellevue Hospital's Cultural Competency Department.

12. Deny the allegations set forth in paragraph "12," of the Complaint, except admits that Irene Quinones is the Senior Associate Director of Bellevue Hospital's Cultural Competency Department and that plaintiff reported to Ms. Quinones.

13. Deny the allegations set forth in paragraph "13," of the Complaint.

14. Deny the allegations set forth in paragraph "14," of the Complaint.

15. Deny the allegations set forth in paragraph "15," of the Complaint.

16. Deny the allegations set forth in paragraph "16," of the Complaint.

17. Deny the allegations set forth in paragraph "17," of the Complaint, except admit that Ms. Blanco invited plaintiff to a family dinner at her house, and that plaintiff attended that family dinner.

18. Deny the allegations set forth in paragraph "18," of the Complaint.

19. Deny the allegations set forth in paragraph "19," of the Complaint, except admit that Ms. Blanco occasionally forwarded e-mail and text messages to her friends, some of whom were from work, including plaintiff.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20," of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21," of the Complaint..

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22," of the Complaint..

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23," of the Complaint..

24. Deny the allegations set forth in paragraph "24," of the Complaint.

25. Deny the allegations set forth in paragraph "25," of the Complaint.

26. Deny the allegations set forth in paragraph "26," of the Complaint.

27. Deny the allegations set forth in paragraph "27," of the Complaint, except admits that Ms. Blanco forwarded an e-mail forward regarding sexually transmitted diseases to her friends, some of whom she knew from working at Bellevue, including plaintiff.

28. Deny the allegations set forth in paragraph "28," of the Complaint.

29. Deny the allegations set forth in paragraph "29," of the Complaint.

30. Deny the allegations set forth in paragraph "30," of the Complaint.

31. Deny the allegations set forth in paragraph "31," of the Complaint, except admits that in or about November of 2007, Ms. Blanco avoided speaking to plaintiff unless required by work.

32. Deny the allegations set forth in paragraph "32," of the Complaint, except admits that a charge of discrimination was filed with the EEOC on or about January 31, 2008, and that plaintiff is listed as complainant in that charge.

33. Deny the allegations set forth in paragraph "33," of the Complaint.

34. Deny the allegations set forth in paragraph "34," of the Complaint, except admit that the New York City Law Department received a copy of the instant complaint before it was filed with the Court.

35. In response to paragraph "35," of the Complaint, defendants repeat and re-allege their responses to paragraphs "1," through "39," of the Complaint as if fully set forth here.

36. Deny the allegations set forth in paragraph "36," of the Complaint.

37. Deny the allegations set forth in paragraph "37," of the Complaint.

38. In response to paragraph "38," of the Complaint, defendants repeat and re-allege their responses to paragraphs "1," through "39," of the Complaint as if fully set forth here.

39. Deny the allegations set forth in paragraph "39," of the Complaint.

40. Deny the allegations set forth in paragraph "40," of the Complaint.

41. In response to paragraph "41," of the Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "unspecified paragraph," of the Complaint as if fully set forth here.

42. Deny the allegations set forth in paragraph "42," of the Complaint.

43. Deny the allegations set forth in paragraph "43," of the Complaint.

**FOR A FIRST DEFENSE:**

44. The Complaint fails to state a claim against upon which relief can be granted.

**FOR A SECOND DEFENSE:**

45. This Court lacks jurisdiction, in whole or in part, over the Complaint.

**FOR A THIRD DEFENSE:**

46. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOR A FOURTH DEFENSE:**

47. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

**FOR AN FIFTH DEFENSE:**

48. Defendant exercised reasonable care to prevent and promptly eliminate any harassing behavior.

49. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer to its employees or to otherwise avoid harm.

**FOR A SIXTH DEFENSE**

50. Defendant is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742, 754 (1998).

## FOR AN SEVENTH DEFENSE

51. The Complaint is barred in whole or in part, by the doctrines of issue preclusion, claim preclusion, judicial estoppel or any combination of the doctrines.

## FOR AN EIGHTH DEFENSE

52. Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 11, 2008

Respectfully submitted,

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for the Defendants
100 Church Street, Room 2-316
New York, New York  10007-2601
(212) 788-1202
kbarker@law.nyc.gov

By: _____/s/_____
    Kami Z. Barker
    Assistant Corporation Counsel

To:   **ROOSEVELT SEYMOUR**
      Attorney for Plaintiff
      175 Remsen Street, Suite 602
      Brooklyn, NY 11202

08 Civ. 3807(AKH)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS M. VIGUERA,

              Plaintiff,

-against-

THE NEW YORK CITY HEALTH AND HOSPITAL CORPORATION and ANA BLANCO,

              Defendants.

**ANSWER**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel: Kami Z. Barker
Tel:  (212) 788-1202

Matter No.: 2008-017638

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y.  ........................................., 2008

Signed:  ...........................................................................

Attorney for..........................................................................